ORIGINAL

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 255120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

FILED
CLERK, U.S. DISTRICT COURT

MAR 22 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

            v.

MICHAEL J. AVENATTI,

            Defendant.

No. SA 19 - 2 4 1M

GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐   1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
         following grounds:

    ☐   a.   present offense committed while defendant was on release
             pending (felony trial),

☐ b.    defendant is an alien not lawfully admitted for
         permanent residence; and

☐ c.    defendant may flee; or

☐ d.    pose a danger to another or the community.

☒ 2.    Pretrial Detention Requested (§ 3142(e)) because no
        condition or combination of conditions will reasonably
        assure:

☒ a.    the appearance of the defendant as required;

☒ b.    safety of any other person and the community.

☐ 3.    Detention Requested Pending Supervised Release/Probation
        Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
        § 3143(a)):

☐ a.    defendant cannot establish by clear and convincing
         evidence that he/she will not pose a danger to any
         other person or to the community;

☐ b.    defendant cannot establish by clear and convincing
         evidence that he/she will not flee.

☐ 4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.
        § 3142(e)):

☐ a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
         (46 U.S.C. App. 1901 et seq.) offense with 10-year or
         greater maximum penalty (presumption of danger to
         community and flight risk);

☐ b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
         2332b(g)(5)(B) with 10-year or greater maximum penalty
         (presumption of danger to community and flight risk);

☐    c.    offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐    d.    defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒    5.    Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐    a.    a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐    b.    an offense for which maximum sentence is life imprisonment or death;

☐    c.    Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐    d.    any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under

state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

☐  e.  any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒  f.  serious risk defendant will flee;

☒  g.  serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐  6.  Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//

4

1   //

2   ☐   7.   Good cause for continuance in excess of three days exists in

3         that:

4

5   _____

6   _____

7   _____

8   _____

9   Dated: March 22, 2019          Respectfully submitted,

10                                  NICOLA T. HANNA
                                    United States Attorney
11
                                    LAWRENCE S. MIDDLETON
12                                  Assistant United States Attorney
                                    Chief, Criminal Division
13

14                                  _____
                                    JULIAN L. ANDRÉ
15                                  BRETT A. SAGEL
                                    Assistant United States Attorneys
16
                                    Attorneys for Plaintiff
17                                  UNITED STATES OF AMERICA

18

19

20

21

22

23

24

25

26

27

28